# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM HANSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BOARD OF PAROLE HEARINGS, et al.,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00599-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 1) |

　　　　Plaintiff Malcolm Hanson is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's complaint, filed April 19, 2023.

## I.

## SCREENING REQUIREMENT

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

1  A complaint must contain "a short and plain statement of the claim showing that the pleader
2  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
3  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
4  statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic
5  Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each
6  defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297
7  F.3d 930, 934 (9th Cir. 2002).

8  Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings
9  liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
10 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be
11 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
12 that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss
13 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
14 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
15 liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d
16 at 969.

**II.**

**SUMMARY OF ALLEGATIONS**

19  On August 1, 2019, during the initial parole suitability hearing, the presiding
20 commissioner told Plaintiff, "[t]he record does reflect circumstances that would tend to show
21 suitability for parole," but denied Plaintiff a parole date or freedom.  Plaintiff is in state prison
22 falsely and in violation of his due process rights.

23  A subsequent parole hearing was held on January 26, 2021, regarding Plaintiff's release.
24 Plaintiff was denied a parole date even though he was suitable for release based on the
25 statement by the presiding commissioner in the first parole suitability hearing that "the record
26 does reflect circumstances that would tend to show suitability for parole."

27  With the assistance of counsel, Plaintiff filed a writ of habeas corpus in the Superior
28 Court for the County of Ventura challenging the Board of Parole's decision, which was denied.

# III.

# DISCUSSION

Here, because Plaintiff is challenging the denial of parole and seeks earlier release, the appropriate avenue to obtain relief is not a § 1983 action. " 'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.' " Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id. Habeas is the "exclusive remedy" for the prisoner who seeks " 'immediate or speedier release' " from confinement. Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). A parole claim that affects the legality or duration of a prisoner's custody, and a determination of which may likely result in entitlement to an earlier release, must be brought in habeas. See Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition).

Furthermore, although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, this action should be dismissed without prejudice to Plaintiff's refiling as a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

# IV.

# ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court is directed to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 24, 2023**

UNITED STATES MAGISTRATE JUDGE